UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Isis Gipson, | Civil No. 25-cv-3014 (DWF/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Boston Scientific Scimed Inc., | |
| Defendants. | |

Plaintiff filed the Complaint in this matter on July 28, 2025, naming Boston Scientific Corporation, Boston Scientific, *registered agent*, and Boston Scientific Scimed Inc. as Defendants. (ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* on August 18, 2025 and ordered Plaintiff to complete a Marshal Service Form (USM-285) for each Defendant to facilitate service of process. (ECF No. 5.) Following notice to Plaintiff that the addresses she provided for Defendants on the Marshal Service Forms appeared to be incorrect, the Court ordered Plaintiff to provide an updated Marshal Service Form for each Defendant by October 27, 2025. (ECF No. 10.) Plaintiff failed to provide the updated Marshal Service Forms as directed, and on October 28, 2025, the Court issued an Order to Show Cause directing Plaintiff to file a response by November 12, 2025 showing cause as to why it should not dismiss this matter under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the case or comply with the Court's orders. (ECF No. 11.)

On November 6, 2025, Plaintiff filed an Amended Complaint naming only Boston Scientific Scimed Inc. as a Defendant (ECF No. 12). Plaintiff also submitted a new, completed Marshal Service Form for Boston Scientific Scimed Inc. on that date, along with a Response to the Court's Order to Show Cause (ECF No. 13, Plaintiff's Response to Court's Notice Regarding Non-

Responsiveness). Plaintiff explained that she was attempting to confirm a valid service address for the remaining Defendant and also experiencing "relocation and transition to a new address." (*Id.*)

In light of Plaintiff's Response, the Court finds good cause for the delay and accepts Plaintiff's submissions. The Court further notes that, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course no later than 21 days after service of a responsive pleading, if a responsive pleading is required. Because Plaintiff has not previously amended the original Complaint, and no Defendant has answered or otherwise responded to the original Complaint, the Amended Complaint is timely under this Rule. The Court therefore accepts the Amended Complaint as the operative complaint in this action.

Based on the foregoing, and on all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Amended Complaint (ECF No. 12) shall serve as the operative complaint in this action.

2. The Clerk of Court is directed to seek waiver of service from Defendant Boston Scientific Scimed Inc. consistent with Rule 4(d) of the Federal Rules of Civil Procedure; and

3. If Defendant Boston Scientific Scimed Inc. fails without good cause to sign and return the waiver of service within 30 days of the date when the waiver is mailed to a correct address for the Defendant or its registered agent, the Court will impose upon it the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed if the Defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

Dated: November 12, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

3